# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-11229
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilbert Joseph Carrasco,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:21-CR-46-1

———————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.
Per Curiam:[*]

Gilbert Joseph Carrasco was convicted by a jury of conspiracy to distribute and possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession of a firearm by a convicted felon. The district court sentenced him to a total of 600 months of imprisonment, followed by three years of supervised release.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11229

On appeal, Carrasco argues for the first time that we should vacate his conviction under 18 U.S.C. § 922(g)(1) because the statute is unconstitutional in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and that § 922(g) exceeds Congress's authority under the Commerce Clause.

Our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain error review, Carrasco must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes this showing, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted).

Carrasco's *Bruen* argument is unavailing. We recently rejected the argument, considered under the plain error standard, that § 922(g)(1) infringes the Second Amendment under *Bruen*. *See United States v. Jones*, ___ F.4th ___, No. 23-10198, 2023 WL 8074295, 1-2 (5th Cir. Nov. 21, 2023). Next, Carrasco correctly concedes that his argument that § 922(g) infringes the Commerce Clause is foreclosed. We have consistently upheld the constitutionality of § 922(g) as "a valid exercise of Congress's authority under the Commerce Clause." *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013). Therefore, the judgment of the district court is AFFIRMED.

Lastly, Carrasco moves for the appointment of new counsel, arguing that his counsel was ineffective. Carrasco has not shown that there is a conflict of interest or that the interests of justice require relief of counsel. *See* Fifth Circuit Plan Under the Criminal Justice Act § 5(B); *see also* 18 U.S.C. § 3006A(c). Further, he does not show the existence of a record sufficient to permit a fair review of any potential ineffective assistance

No. 22-11229

of counsel claims. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). The motion is therefore DENIED.